RAYMOND SAFRAN, PLAINTIFF-APPELLANT, v. JOHN C. SMITH, DEFENDANT-RESPONDENT.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *Benjamin I. Kantor.*

For the defendant-respondent, *Stanley F. Kaczmarek.*

The opinion of the court was delivered by

CASE, J. Plaintiff instituted an action against the defendant in the District Court of the city of Perth Amboy. Upon the trial the jury returned a verdict of "no cause for action." Plaintiff sued out a rule to show cause why a new trial should not be granted and after argument—we quote from the record of the Perth Amboy District Court—"New trial granted April 20th, 1936, costs of jury to be paid by plaintiff." Plaintiff did, in fact, deposit with the clerk of the District Court of the city of Perth Amboy the jury fees for a new trial. Before the suit actually got again in trial plaintiff discontinued it and brought this one in the District Court of the city of New Brunswick on the same cause of action and against the same defendant. Thereupon the defendant obtained from the last mentioned court a rule upon the plaintiff to show cause why the instant action should not be dismissed. Upon the return of the rule the judge granted "the defendant's motion to dismiss the case for the reason" that the judge "was of the opinion that this matter had been previously tried and disposed of in the Perth Amboy District Court, and that the action  *  *  *  is *res judicata."*

Plaintiff appeals and presents three points, the first of which is that there were no depositions submitted in support of the rule. The record of the Perth Amboy District Court was certified by the clerk thereof. It contains the essential elements. Moreover, the dispute seems to be one of law rather than of fact. We find no adequate ground for reversal here.

The second point is that a new trial having been granted the action was not *res judicata.* We consider that the point is well taken. The facts come to us upon a state of case settled by the court wherein it is said: "The attorney for the defendant further argued that this case was decided by the jury before the Perth Amboy District Court, and that

on the granting of the new trial, as appears *by the docket of the said court,* (the court) would not set aside the judgment but merely reopened the said cause for the purpose of a retrial of said cause." That, very likely, was the defendant's argument, but that argument has no support in the record. The only source of information before us and, so far as we can ascertain, before the New Brunswick court as to what was done thereon is the record of the Perth Amboy Court certified by the clerk thereof. There is no basis in that certification for a finding that the court would not set aside the judgment. In fact there is nothing in the record to show that there was a judgment. Verdict had been returned and entered and thereupon the trial judge granted a new trial. It was, of course, within the discretion of the judge to impose reasonable terms, if he saw fit, in ordering a new trial and, if he should so determine, to stay proceedings (section 17, *Pamph. L.* 1898, *p.* 559) ; but the judge did not stay proceedings and the only condition that he imposed was that the plaintiff should pay the cost of the jury for a new trial; and that the plaintiff did. We conclude that when the plaintiff made his deposit of jurors' fees he was reinstated to his position as before the earlier trial subject to the payment of such costs as might, in due course and in accordance with the practice and the statute, be ultimately visited upon him. Speaking generally, an order for a new trial, unless there is special provision therein to the contrary, vacates the verdict and special findings and a judgment entered thereon if there has been such. See 46 *C. J., p.* 436, *tit. "New Trial,"* § 511. Respondent does not question the jurisdiction of the New Brunswick District Court to entertain the instant suit except upon the theory of *res judicata,* and he raises no issue upon the right of plaintiff to discontinue the Perth Amboy action. We limit our determination to the issues presented. Respondent does, however, base two contentions on the discontinuance, first, that it of itself had "the effect of restoring the conclusive character of the stayed judgment and the right to a new trial is waived and abandoned," and, second, that the costs chargeable on the discontinuance must be paid before

a new action upon the same ground may be instituted. It is our view that the discontinuance did not serve either to revive or to impose a judgment against the plaintiff in the action in which it occurred. So far as appears, respondent has never had his costs taxed, has never served a copy of them upon his adversary and has done nothing by which he may properly ask to have the new suit stayed, much less dismissed, upon the argument of unpaid costs. The doctrine of *res adjudicata* does not apply for the obvious reason that, in the condition in which the record of the Perth Amboy court now is, there is no adjudication.

Appellant's third point is that the non-payment of costs did not warrant the dismissal of the action. We have already discussed the merits of that contention.

The order of dismissal, which, by its terms, appears to be a final disposition of the cause, is reversed; costs to abide the event.